## KORKMAS v. TURNER et al.

### No. 6632.

Court of Civil Appeals of Texas. Texarkana.

Sept. 11, 1952.

426

John D. Glass, Tyler, for appellant.

Ramey, Calhoun, Brelsford & Hull, Fred Hull, Tyler, for appellees.

WILLIAMS, Justice.

In this suit of Miss Barbara Korkmas, a minor under sixteen years of age, by her uncle Ed Bedre, Jr., as next friend, against Ross C. Turner, Sheriff of Smith County, and J. A. Elliott, a deputy sheriff under him, she seeks to recover actual and exemplary damages alleged to have been suffered by her for a false arrest and imprisonment, an assault and battery and for slander allegedly committed by defendants on October 15, 1950, in Tyler, Texas. Jury findings favorable to defendants resulted in a judgment that plaintiff take nothing.

About 11 o'clock, A. M., on October 18, 1950, defendants appeared at the small grocery store then being operated by plaintiff's mother. Upon the officers' demand, the door to the store was opened. The officers entered and inspected the premises. The officers neither found nor seized any unlawful thing. Barbara was in the store with her mother at the time. The officers commanded the mother to lock up the store and ordered plaintiff and her mother into the officers' automobile. The two were transported to the courthouse where the officers placed the mother in jail. The sheriff ordered plaintiff to submit to a physical examination, and under his direction caused the health officer to make a physical examination of Barbara to ascertain if she had a venereal disease. The health officer found no diseased condition from his examination, and so reported his findings to the sheriff. Thereafter around 3 o'clock, P. M., the sheriff released Barbara and permitted her to return to her home.

No search warrant had ever been issued to search the premises and the officers had none. No warrant or other process for plaintiff's arrest then existed and none was ever issued. Plaintiff had committed no crime in the presence of these officers or otherwise. On the occasion involved, she was never taken before any examining magistrate or judge. Plaintiff had not been theretofore arrested or charged with any crime. The sheriff testified that he told her "he was arresting her for examination by a county health officer * * *." In explanation for his actions, the sheriff testified, "I thought I had a right to do so under the health laws."

In connection with special issues Nos. 4 and 5, the court instructed the jury that "'false imprisonment' is the willful detention of another against his consent, and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats, or by any other means which restrains the party so detained from removing from one place to another as he may see proper." In response to such special issues the jury answered that neither officer detained plaintiff in his custody willfully and against her consent as the term "false imprisonment" was therein defined. The jury did not answer other issues which inquired about exemplary damages which under the court's instructions the jury was not required to answer unless they had answered special issues Nos. 4 and 5, or either of them, in the affirmative.

■ Under the facts herein detailed, this arrest and detention of plaintiff was unlawful as a matter of law, and the jury under appropriate language should have been so instructed, followed by an inquiry as to the amount to be awarded as actual damages for such unlawful imprisonment. Heath v. Boyd, 141 Tex. 569, 175 S.W.2d 214, and authorities there collated; Gold v. Campbell, 54 Tex.Civ.App. 269, 117 S.W. 463; 19 Tex.Jur., False Imprisonment, Secs. 11, 12. An affirmative finding of exemplary damages was conditioned on a finding by the jury of express malice, to which there is no complaint. But it was error for the court to further restrict an affirmative finding by the jury for exemplary damages for false imprisonment, conditioned on the jury's first answering special issues Nos. 4 and 5, or either one, "Yes."

■ Plaintiff timely and properly requested the court under her requested special instruction No. 4 to instruct the jury "* * * that as a matter of law arising

from the undisputed evidence in this case, the arrest, detention and imprisonment was unlawful." Her requested special issues Nos. 1, 2, 5 and 15, each were directed to the applicable law of this case, as above stated, and as embodied in her requested special instruction No. 4. Her requested issues and instructions, special exceptions to the court's charge and the errors assigned in her motion for new trial, timely and properly raised and preserved this matter for review by an appellate court under the provisions of Rules 272, 273 and 274, Texas Rules of Civil Procedure. We overrule appellees' contention that the points here involved were not timely and properly presented to the trial court for a ruling thereon.

■■ In support of the allegations of slander and in her plea for actual and exemplary damages several witnesses testified that the sheriff at the time of his arrest publicly stated, "I know that you and this woman (pointing to plaintiff) have been taking Negro men in this store after 7 o'clock at night at $2.00 apiece." The sheriff denied he made such a statement or accusation or those involved in other issues. In submitting this a fact issue No. 7, whether the sheriff did or did not, the court required the jury to first find that the sheriff "either willfully or wantonly or willfully and maliciously" made the statement before they would be authorized to answer such special issue No. 7 in the affirmative. Plaintiff timely excepted to the extra burden placed upon her in above issue to establish this fact issue. With respect to a finding for actual damages for this alleged slander, the court erred in refusing to submit to the jury her requested special issue No. 2, which reads: "Do you find from a preponderance of the evidence that the defendant Ross Turner on October 18, 1950, in the presence and hearing of Deputy Sheriffs J. A. Elliott and Glenn York, and Mrs. Helen Davis and Barbara Korkmas, made the following statement concerning the plaintiff: 'know that you and this woman (pointing to plaintiff) have been taking Negro men in this store after 7:00 o'clock at night.' Answer 'Yes' or 'No.' "

In view of the conclusion reached, it is unnecessary to pass upon other points which complain of the admissibility of certain alleged impeachment testimony, which should not arise upon another trial.

Reversed and remanded.